Filed 9/24/15  P. v. Landaverde CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B261553 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA426685) |
| v. | |
| ANTONIO LANDAVERDE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. David V. Herriford, Judge.  Affirmed.

_____

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

An information, filed on August 5, 2014 and later amended by interlineation, charged Antonio Landaverde with two counts of resisting an executive officer (Pen. Code, § 69). The jury found Landaverde guilty of both counts. The trial court suspended imposition of sentence and placed Landaverde on formal probation for 36 months. Landaverde appealed.

We appointed counsel to represent Landaverde in the matter. After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) On June 11, 2015, we sent a letter to Landaverde and to counsel. In the letter, we directed counsel to immediately send the record on this appeal and a copy of the *Wende* brief to Landaverde and informed Landaverde that he had 30 days to submit by letter or brief any ground of appeal, contention or argument he wished us to consider. We did not receive a response from him.

We have reviewed the entire record on appeal. Evidence shows that Landaverde grabbed the open end of a handcuff, swung at a police officer and reached for the officer's gun during his detention in response to a call of shots fired at an apartment. At the time, the officer believed that Landaverde matched the description of the suspect provided in the dispatch call. Landaverde also struggled with the officer's partner, who attempted to assist with the detention based on Landaverde's conduct. This evidence sufficiently supports his conviction of two counts of resisting an executive officer. (*People v. Johnson* (1980) 26 Cal.3d 557, 578 [substantial evidence is that which is "reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt"].) We are satisfied that Landaverde's counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

LUI, J.

3